[Civ. No. 4145. First Appellate District, Division One.—Feb. 14, 1922.]

THOMAS ANDREWS et al., Respondents, v. THE SAN DIEGO ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—INJURY WHILE ALIGHTING FROM STREET-CAR—ACTION FOR DAMAGES—EVIDENCE—VERDICT.—In this action for damages for personal injuries suffered by the plaintiff wife in a so-called "step accident" alleged to have occurred through the negligent operation by the defendant of one of its street-cars, the testimony of the victim of the accident, which was corroborated by other witnesses called by the plaintiffs, was sufficient to justify the jury in finding that the car started while she was in the act of alighting and to justify their verdict for the plaintiffs.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. S. M. Marsh, Judge. Affirmed.

The facts are stated in the opinion of the court.

Read G. Dilworth, Titus & Macomber and V. F. Bennett for Appellant.

E. B. Drake and E. V. Winnek for Respondents.

KERRIGAN, J.—This is an appeal from a judgment entered upon a verdict in favor of the plaintiffs in an action

---

1. Duty of street-car conductor to see that passenger is off before starting car, notes, 118 Am. St. Rep. 461; 11 L. R. A. (N. S.) 140.

for damages for personal injuries suffered by plaintiff Celia E. Andrews in a so-called "step accident" alleged to have occurred through the negligent operation by the defendant of one of its street-cars in the city of San Diego.

[1] The simple questions in the case for the jury were, Did said plaintiff attempt to alight from the car while it was in motion, or was the car started while she was in the act of alighting?

There is evidence in the record supporting both an affirmative and a negative answer to each of these questions. The victim of the accident testified in part as follows:

"Q. In other words, the car stopped, you mean, when it came up to Ninth Street? A. Yes, sir. . . .

"Q. Well, then, what did you do, if anything, towards getting off? A. Stepped down from the platform on to the top step of the car.

"Q. What happened then? A. The car started and threw me to the ground. . . .

"Q. Did you know that it was going to start? A. No, sir. . . .

"Q. Now, did anyone say anything, was anything said to you by anyone at the time you were disembarking or leaving this car? A. As I was falling from the car someone said, 'Don't get off, lady.'

"Q. What was the car doing at the time you were told not to get off? A. It had started. . . .

"Q. Now, after that occurred, I mean after the conductor or whoever it was made the remark, 'Don't get off, lady,' or words to that effect, were you able to recover yourself and keep from falling at that time? A. No, sir."

The evidence of other witnesses called by the plaintiffs corroborated this testimony. Defendant appears to contend that the evidence shows without conflict that the car had traveled fifty feet—the length of the car—between the time it had stopped, started, and stopped again, and that the injured plaintiff, who got off at the middle of the car, and who was found lying alongside of it twenty-five feet from such point of exit, must of necessity have stepped off the car while it was in motion. But in this respect we think defendant is in error. There is a conflict in the evidence upon this point, some of the witnesses testifying that the car had moved forward about twenty-five feet only from

the time plaintiff arose from her seat for the purpose of alighting until the car stopped again.

Nor is there any merit in the claim of defendant that the undisputed evidence, showing that as the plaintiff lay upon the ground her feet were pointed toward the front of the car, proves conclusively that she attempted to alight after the car had started. In fact, as counsel for the plaintiffs well says, it would tend to show the contrary; for if the car was standing and then started up while the passenger was upon the step in the act of alighting, it would jerk her feet from under her, resulting in a fall with the feet forward; while, on the other hand, if she did not attempt to leave the car until after it was in motion the effect would be to retard the motion of her feet and allow the rest of the body to move forward, resulting in a fall head forward, i. e., in the direction of the moving car. But in any event these matters were for the consideration of the jury; and an examination of the record leaves no doubt in our minds that the verdict is supported by the evidence.

The judgment is, therefore, affirmed.

Richards, J., and Tyler, P. J., concurred.